## GARDERE *v.* GARVEY et al.

Where by the release of one of two debtors *in solido*, and the deduction of his part of the debt, made in the court below for the purpose of introducing him as a witness, the amount in dispute is reduced below the sum necessary to give jurisdiction to the Supreme Court, no appeal will lie. Const. art. 63.

Where the amount in dispute is insufficient to give jurisdiction to the Supreme Court, the appeal will be dismissed, though the objection be not made by either party.

APPEAL from the Parish Court of New Orleans, *Maurian.* J.
    J. *Seghers*, for the appellant.    *Castera*, for the defendant.

The judgment of the court was pronounced by

KING, J. The plaintiff instituted this action to recover the value of materials furnished to the defendant Garvey, an undertaker, for the construction of a house for *Marie Beaulieu*, the other defendant, alleging that *Beaulieu* had made several payments in anticipation to the undertaker, which payments, as regarded the plaintiff, were to be considered as not having been made. He prayed for a judgment against both the defendants, with the privilege established in favor of the furnishers of materials by art. 2744 and 2745 of the Civil Code. During the progress of the trial, the plaintiff offered *Garvey* as a witness, and, with a view, as is alleged, of removing objections to his competency, discontinued the suit as to him, and gave him the following discharge in writing:

"I hereby grant to *M. Lawrence Garvey* a full release of my claim against him for five hundred and fifty two dollars and twenty cents, reserving all my rights against *Marie Beaulieu*, the other defendant.

"F. GARDERE."

The judge below considered that *Beaulieu* was discharged by this release, and rendered a judgment in her favor, from which the plaintiff has appealed. He contends that the defendants were bound *in solido*, and that, having reserved his rights against *Beaulieu*, he can still prosecute his demand against her, after deducting the part of *Garvey*, to whom the release was granted. Civil Code, art. 2199.

Under the view we have taken of the case, it is unnecessary to inquire whether or not the obligation of *Marie Beaulieu* was *in solido*. If she was not bound *in solido*, it is conceded that the release operates her discharge; and, assuming the obligation to be *in solido*, which is the hypothesis deemed by the plaintiff most favorable to himself, and on which he has brought up the case, the position is equally fatal to the appeal. The cause having been discontinued as to *Garvey*, and a release given to him in full, a deduction of his part of the debt

followed as an admitted legal consequence. There then remained an action pending for $276 10. This was the only " matter in dispute" after the release, and the sum is below the jurisdiction of this court. Cons. art. 63. The point has not been made at bar; but the uniform rule has been to decline the revision of cases the jurisdiction of which is not conferred by the constitution, even when the objection is not made by the parties themselves.

If we were at liberty to pronounce upon the merits of the cause, we would affirm the judgment of the court below. The plaintiffs' claim grew out of, and depended on a contract entered into between *Garvey* and herself. When *Garvey* was discharged from the contract there remained no obligation to enforce against *Beaulieu*. The discharge destroyed the foundation on which the claim against her rested.                                        *Appeal dismissed.*